```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

MARION WELBORN                           CIVIL ACTION

VERSUS                                   NO. 06-7893

STATE FARM FIRE AND CASUALTY             SECTION "R"(1)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is the motion of plaintiff Marion Welborn to remand this matter to state court. Because the Court finds the claims asserted against the in-state defendant, Susan Price Geoghegan, were not improperly joined, the Court GRANTS the motion.

### I.   BACKGROUND

Plaintiff sued State Farm, her homeowner's insurer, and Susan Price Geoghegan, her insurance agent, in Louisiana state court on claims relating to her insurance coverage. State Farm's citizenship is diverse from plaintiff but Geoghegan, like plaintiff, is a citizen of Louisiana. The parties thus are not

completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Defendants removed this case to federal court on the ground that federal diversity jurisdiction exists because Geoghegan was improperly joined.  Plaintiff now moves to remand this matter to state court.  For the following reasons, this motion is denied.

**II.   LEGAL STANDARDS**

    **A.   Applying Louisiana Law**

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes."  *Id.* (*quoting*

*Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.  Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. §

1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **C.**    **Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper

joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

## III. DISCUSSION

State Farm contends that Geoghegan is improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against Geoghegan. In its February 22, 2007 Order in this matter, the Court found that "all but one of [plaintiff's claims against Geoghegan] fails to state a claim as to a recognized duty under Louisiana law." (R. Doc. 16). The only claim that the Court found potentially actionable under Louisiana law was that Geoghegan failed to procure requested coverage. (*Id.*). The Court then permitted Welborn to submit an affidavit within ten days of the Order that controverts

Geoghegan's affidavit testimony that "any request for coverage and/or change of coverage limits requested by Marion Welborn for any property was routinely discussed and timely effectuated." (*See* R. Doc. 11-3, at ¶ 7).  Plaintiff has done so.  (R. Doc. 20).

Based on the allegations set forth in plaintiff's state court petition as well as the recently submitted affidavit evidence, the Court finds that Welborn's claims against Geoghegan may state a claim under Louisiana law and are not perempted by the terms of La. Rev. Stat. § 9:5606.[1]  In her petition, plaintiff asserts that Geoghegan failed to procure requested insurance coverage for her properties.  (R. Doc. 1-2).  Plaintiff clarifies her petition in her affidavit, stating: "Despite my requests, I discovered after Hurricane Katrina that Susan Price

---

[1] The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.

Geoghegan did not procure flood insurance for my properties located at" 2240 and 2244 State Street, 6115-6117 Loyola Avenue, and 6221-6223 Freret Street, New Orleans, Louisiana. (R. Doc. 20-2). It is well established under Louisiana law that a plaintiff may recover for her insurance agent's failure to procure requested insurance coverage. The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage." *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973). Defendants' affidavit evidence does not directly refute plaintiff's allegations as to these specific properties, and to the extent that she generally alleges compliance with plaintiff's wishes, this simply creates a factual dispute to be resolved in plaintiff's favor. See *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (when determining improper joinder, district courts are to "resolve all disputed questions of fact in favor of the plaintiff"). Further, in the absence of any evidence as to when plaintiff requested flood insurance coverage on these properties, the Court cannot conclude that plaintiff's claims are perempted under Section 9:5606.

There is thus an arguably reasonable basis to predict that, if the allegations are true, Louisiana law might hold Geoghegan liable for her failure to procure the requested flood insurance. Hence, she is not improperly joined, and the Court lacks diversity jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, this __6th__ day of March, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT